# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30875

United States Court of Appeals
Fifth Circuit

**FILED**
March 10, 2020

Lyle W. Cayce
Clerk

PARKCREST BUILDERS, L.L.C.,

>   Plaintiff-Counter Defendant - Appellee

v.

LIBERTY MUTUAL INSURANCE COMPANY,

>   Intervenor - Appellee

v.

HOUSING AUTHORITY OF NEW ORLEANS,

>   Defendant-Counter Claimant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-1533

Before KING, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

The Housing Authority of New Orleans (HANO) engaged Parkcrest Builders, LLC as the general contractor for the construction of a new housing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30875

project in New Orleans. The project faced numerous and extensive delays, eventually leading to Parkcrest's termination as general contractor and, subsequently, the termination of its surety, Liberty Mutual. Parkcrest sued HANO for breach of contract in terminating the contract without cause; after HANO terminated Liberty Mutual from the project, Liberty Mutual intervened alleging HANO's breach; and HANO filed a counterclaim against Liberty Mutual alleging bad faith breach and fraudulent misrepresentation. The district court determined, after a 7-day bench trial, that Parkcrest and Liberty Mutual were not to blame for the delays to the project, and found HANO liable to Liberty Mutual for the remaining balance of the contract minus undisputed items left for HANO to finish. HANO's appeal asserts error at nearly every stage of the district court's findings of fact and conclusions of law. After careful review of the record in this case, full consideration of the parties' briefs and oral arguments, and the district court's thorough findings and conclusions, we affirm the district court's judgment against HANO for essentially the reasons stated by that court.

The district court's judgment included an unquantified award of attorneys' fees against HANO. Although HANO's appeal designates this award as error, we have previously held "that an order awarding attorney's fees or costs is not reviewable on appeal until the award is reduced to a sum certain." *S. Travel Club, Inc. v. Carnival Air Lines, Inc.*, 986 F.2d 125, 131 (5th Cir. 1993); *see also Thornton v. GMC.*, 136 F.3d 450, 453 (5th Cir. 1998) ("Normally, an unquantified award of attorney's fees does not constitute a final appealable order pursuant to 28 U.S.C. § 1291."). Accordingly, we lack jurisdiction over this portion of HANO's appeal, and therefore dismiss for want of jurisdiction.

AFFIRMED in part and DISMISSED in part.